**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JAMES DOW VANDIVERE,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. SAG-25-02573** |
| **FRANK BISIGNANO,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff James Dow Vandivere, who is self-represented, filed this action against the Commissioner of the Social Security Administration ("SSA"), Frank Bisignano, to challenge the constitutionality of a section of the Social Security Act prohibiting the payment of benefits to incarcerated persons. ECF 1. The SSA has filed a motion to dismiss or transfer venue, contending that the lawsuit was filed in the wrong judicial district and that Plaintiff lacks standing to sue. ECF 17. Plaintiff has opposed the motion. ECF 19. This Court has carefully reviewed all of the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

This Court is unpersuaded by the SSA's venue argument because Plaintiff's claim is not brought pursuant to 42 U.S.C. § 405(g). That statute governs judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." *Id.* But here, Plaintiff does not allege that he has applied for benefits or sought a hearing after a denial of benefits. And Defendant has submitted affirmative, uncontested evidence that SSA has no record that Plaintiff has ever applied for Socal Security retirement insurance benefits. ECF 17-

2; ECF 19 at 2. Thus, the venue provision in 42 U.S.C. § 405(g) does not dictate venue for Plaintiff's claim.

However, those same facts establish that Plaintiff lacks standing to sue, because he has not yet suffered an "injury in fact" caused by SSA's conduct or the statute he challenges. The law is clear that, to have standing, a "plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). Plaintiff has not alleged that he ever applied for retirement insurance benefits from SSA or received a denial. In fact, he asserts in his response that, years ago, he mailed request letters seeking the forms he needed to apply for benefits, ECF 19 at 2, but did not receive the forms. Those assertions are not in the Complaint, and even if they were, they would not suffice to establish injury in fact absent a denial of benefits by SSA in reliance on the statutory provision Plaintiff now challenges, 42 U.S.C. § 402(x).

Plaintiff also has not established "a causal connection between the injury and the conduct complained of," *Lujan*, 504 U.S. at 560. He has not yet suffered any denial of benefits, so the conduct he challenges (denial of benefits pursuant to § 402(x)) has not yet occurred. As it stands, he is generally challenging the constitutionality of a statute, speculating that it might impact a claim for benefits that he has not made. Such a challenge is not allowed. *United States v. Hays*, 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power.").

As the party invoking federal jurisdiction, Plaintiff has the burden to establish standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). He has not met that

burden. Accordingly, the SSA's motion to dismiss will be GRANTED and the case will be dismissed without prejudice for lack of standing.

There are also two additional motions on the docket: SSA filed a motion for extension of time to respond, ECF 16, but then filed its response on the original deadline without waiting for a ruling on the extension. That motion for extension, ECF 16, therefore will be DENIED AS MOOT. And Plaintiff filed a motion for summary judgment, ECF 20, which will be DENIED because the case is being dismissed. A separate Order follows.

Dated: August 24, 2026

/s/
Stephanie A. Gallagher
United States District Judge